## Case No. 8,792.

McFERRAN et al. v. WHERRY.

[5 Cranch, C. C. 677.] [1]

Circuit Court, District of Columbia. March Term, 1840.

ARREST—UNDER ATTACHMENT—BY CAPIAS—PRIVILEGE—SUITOR IN CAUSE.

If an attachment, under the Maryland act of 1795 (chapter 56) and a capias ad respondendum, be both served while the defendant is attending the court as a party in another cause, the attachment will be ordered to be dissolved upon the arrest of the defendant on the capias, and the defendant will be discharged from the arrest, because privileged as a suitor in another cause.

[This was an action by McFerran and Duncan against Wherry.]

An attachment under the Maryland act of 1795 (chapter 56) was laid in the hands of the Chesapeake and Ohio Canal Company on the 24th of December, 1839. The defendant, being a non-resident, was attending this court as a party in another cause. With the attachment a capias ad respondendum was issued on the same day upon which the defendant was taken; and the marshal returned the attachment "laid in the hands of the Chesapeake and Ohio Canal Company," and returned the capias "cepi." The defendant being brought in by the marshal, moved to be discharged, because, as a suitor in this court, in another cause, he was privileged from arrest during the term, &c. And THE COURT (MORSELL, Circuit Judge, absent,) discharged him from the arrest, and did not require him to enter his appearance in the suit; and ordered the return of the attachment to be quashed, because the defendant was present when the attachment was served; and the defendant could not be compelled to appear, either by capias, or by means of an attachment of his effects, during the term, and while the defendant was thus privileged from arrest as a party.

R. J. Brent now moved THE COURT (THRUSTON, Circuit Judge, absent,) to rescind the order to quash the return of the attachment, and cited several cases to show that the attachment is intended as a means to compel an appearance to the action, and that the attachment cannot be dissolved without special bail.

THE COURT (THRUSTON; Circuit Judge, absent,) refused to rescind the order to quash the return of the attachment; and ordered the attachment to be dissolved. See U. S. v. Stansbury, 1 Pet. [26 U. S.] 573.